HORTON, GUARDIAN *v.* SMITH.

4-9671                                        245 S. W. 2d 387

Opinion delivered January 28, 1952.

*Green & Green* and *Oscar E. Ellis,* for appellant.

*Northcutt & Northcutt,* for appellee.

MINOR W. MILLWEE, Justice. Appellee, Z. N. Smith, recovered a verdict and judgment against appellant, Loyd Horton, as guardian *ad litem* of Charles Sherman, a minor, in the sum of $1,250 for personal injuries and property damage resulting from a collision between two motor trucks owned and being operated by appellee and Charles Sherman.

John and Granville Sherman, parents of Charles Sherman, were also made parties defendant, but a verdict was directed in their favor at the conclusion of the testimony on behalf of appellee. Appellee's cross-appeal against John Sherman was dismissed on motion of the appellant by order of this court entered December 3, 1951.

During the course of his examination as a witness, appellee was asked, and answered, as follows: "Q. Do you know whether he (Charles Sherman) is a careful or reckless driver? A. I know that he is a reckless driver." The first assignment in the motion for new trial is that the court erred in permitting appellee to answer the question, in refusing to exclude the answer, and in failing to instruct the jury not to consider it. The record reflects an objection by appellant after the question was answered. In sustaining appellant's objection, the trial court said: "Yes, gentlemen, that is incompetent, and you will not consider the last answer of the witness. It is taken from you." There was no further objection nor was a mistrial requested. In these circumstances, any

prejudice arising from the excluded testimony was removed by the action of the trial court.

It is next insisted that the evidence is insufficient to support the verdict. The testimony on behalf of appellee is that he was driving his truck slowly up a hill at night during a rain and on his righthand side of the road when the truck being driven by young Sherman in the opposite direction, at a fast rate of speed, suddenly shot or skidded across the road and into appellee's truck. Although disputed, this evidence was sufficient to sustain the charge of negligence against the minor defendant and to support the verdict.

Appellant also argues that appellee was guilty of contributory negligence as a matter of law in that he was going around a car parked on the highway at the time of the collision. The evidence on this point is also in dispute. According to the testimony on behalf of appellee, he had already passed the car in question, which was parked off the highway, when the collision occurred. The question of contributory negligence was, therefore, properly submitted to the jury under instructions which are not objected to.

It is also argued that the verdict and judgment are excessive. The least estimate of damage to appellee's truck was $625. Appellee lost six teeth, suffered a broken arm and several cuts and bruises as a result of the collision. He was confined to a hospital twenty-seven days and was unable to work for several months. We cannot say the verdict is excessive nor do we agree with appellant's contention that the jury resorted to speculation and conjecture in fixing damages.

It is finally argued that the complaint failed to state a cause of action and that the court, therefore, erred in overruling appellant's demurrer on that ground. Appellant has not abstracted the complaint nor does he point out any deficiency in its allegations. We find no merit in this contention.

The judgment is affirmed.